FILED

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY RODRIGUEZ,

Defendant - Appellant.

No. 10-30106

D.C. No. 1:08-cr-00104-RFC-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted December 6, 2010
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.

Anthony Rodriguez appeals the sentence imposed by the district court for

two counts of distribution of methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1).  Rodriguez argues that the district judge erred by applying a career

offender enhancement based in part on an offense he committed when he was 17

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

years old.  The facts of this case are known to the parties.  We do not repeat them.

We review sentencing decisions, "whether inside or outside the Guidelines range," for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  First, we "ensure that the district court committed no significant procedural error."  *Id.* at 51.  Then, applying an abuse-of-discretion standard, we "consider the substantive reasonableness of the sentence" based on "the totality of the circumstances."  *Id.*  We do not apply a presumption of reasonableness for sentences within the Guidelines range, but we recognize that a correctly calculated Guidelines sentence "'will usually be reasonable.'"  *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

We find no procedural error in the district court's analysis.  As required, the district court correctly calculated Rodriguez's Guidelines sentence, considered each of Rodriguez's arguments, and imposed a sentence that the court found necessary based on the factors in 18 U.S.C. § 3553(a).  *See Carty*, 520 F.3d at 991 (outlining the framework for sentencing).  As Rodriguez concedes, the district court's designation of Rodriguez as a career offender falls squarely within the Guidelines because Rodriguez was convicted of deliberate homicide as an adult under Montana law.  *See* U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2

2

& cmt. n.1.

Further, the district court did not impose a substantively unreasonable sentence in this case. Rodriguez argues that the district court should have categorically rejected the career enhancement based on potential sentencing disparities and other policy reasons. Rodriguez correctly notes that a district court *may* categorically reject a Guidelines provision because of a policy disagreement. *See Spears v. United States*, 129 S. Ct. 840, 843 (2009). But we cannot say that the district court was *required* to reject the Guidelines sentence in this case.

We find no evidence that the district court abused its discretion by rejecting Rodriguez's policy arguments and imposing a sentence within the Guidelines. The court explicitly considered Rodriguez's arguments but rejected them based on Rodriguez's criminal history, which continued well into adulthood. Although courts must consider unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6), "sentencing disparity is only one factor a court considers in crafting an individualized sentence under § 3553(a)." *United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010). In light of all the § 3553(a) factors, the district court reasonably concluded that a sentence of 300 months was necessary.

**AFFIRMED.**